UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER,<br><br>      Plaintiff,<br><br>  v.<br><br>JEFFREY A. UTTECHT, Superintendent of Coyote Ridge Corrections Center of the Washington Department of Corrections, in his individual and official capacities; and JOHN D. TURNER, Mailroom Sergeant of Coyote Ridge Corrections Center, in his individual and official capacities,<br><br>      Defendants. | NO. 4:21-CV-5047-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are Defendants' Motion for Summary Judgment (ECF No. 19), Plaintiff's Motion for Summary Judgment and Permanent Injunction (ECF No. 30), and Defendants' Motion to Stay or Extend Pretrial Deadlines (ECF No. 39). The motions for summary judgment were submitted for

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 1

1  consideration with oral argument on June 23, 2022. Katherine C. Chamberlain and

2  Jesse A. Wing appeared on behalf of Plaintiff. Katherine Joy Faber and Sarah C.

3  Brisbin appeared on behalf of Defendants. The Court has reviewed the record and

4  files herein, and is fully informed. For the reasons discussed below, Defendants'

5  Motion for Summary Judgment (ECF No. 19) is granted, Plaintiff's Motion for

6  Summary Judgment and Permanent Injunction (ECF No. 30) is denied, and

7  Defendants' Motion to Stay or Extend Pretrial Deadlines (ECF No. 39) is denied as

8  moot.

## BACKGROUND

10  This case arises from the Human Rights Defense Center's attempt to mail

11  *The Habeas Citebook* to incarcerated individuals at the Coyote Ridge Corrections

12  Center in Washington. ECF No. 1. On March 26, 2021, Plaintiff filed the present

13  complaint, raising violations of the First Amendment and Due Process Clause of

14  the Fourteenth Amendment. *Id.* at 12-13, ¶¶ 5.1-5.5. Plaintiff seeks, among other

15  relief, a permanent injunction. *Id.* at 14, ¶¶ 6.1-7.1.

16  On May 23, 2022, the parties filed the present motions for summary

17  judgment. ECF No. 19, 25, 30. The parties submitted responses and replies. ECF

18  Nos. 32, 35, 42, 43. Except where noted, the following facts are not in dispute.

19  //

20  //

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ~ 2

# FACTS

## I. *The Habeas Citebook*

Since 2019, the Human Rights Defense Center has sent a publication titled *The Habeas Citebook* to various Washington State prisons, including the Coyote Ridge Corrections Center ("CRCC"). ECF No. 20 at 4-5, ¶ 17. Between April and July 2020, CRCC mailroom staff members rejected at least 16 copies of the *The Habeas Citebook* sent to various incarcerated individuals on the grounds it contains case law and/or contains information about another Washington State incarcerated individual. ECF No. 26 at 8, ¶¶ 27, 30-31. The DOC Policy 590.500 at the time stated in part: (1) "Individuals will not possess case law documents, including discovery material, unless approved by the Superintendent/designee" and (2) "Individuals will not possess legal materials (e.g., case law, legal documents) containing information about another incarcerated Washington State incarcerated individual." ECF No. 26 at 8, ¶ 30.

During the relevant time period, Defendant Jeffrey Uttecht was the Superintendent of CRCC. ECF No. 20 at 8-9, ¶ 41. Uttecht was responsible for creating or overseeing the creation of operational memorandum while DOC Headquarters was responsible for creating department policy. ECF Nos. 26 at 4, ¶ 13, 33 at 3, ¶ 13. Defendant John Turner was the Mailroom Sergeant whose duties

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 3

include overseeing the day-to-day operations of the mailroom, process mail rejections, and review mail rejection appeals. ECF Nos. 20 at 5, ¶ 20; 26 at 3, ¶ 8.

On April 23, 2020, a CRCC mailroom employee issued a mail rejection of *The Habeas Citebook* sent to an incarcerated individual, citing that the book contains case law. ECF No. 20 at 5, ¶ 18. On May 21, 2020, Plaintiff appealed the rejection after receiving the rejection notice. ECF No. 20 at 5, ¶¶ 19, 21. Turner denied the appeal on the grounds it was not received within 20 days as required by DOC Policy 450.100. ECF No. 20 at 5, ¶ 22. Plaintiff disputes that an appeal was required per DOC Policy 450.100. ECF No. 36 at 4, ¶ 23.

Between June 10 and June 15, 2020, Plaintiff mailed 15 copies of *The Habeas Citebook* to various incarcerated individuals at CRCC. ECF No. 20 at 5, ¶ 23. Out of the 15 copies mailed, mailroom staff members rejected 7 of the books as mail rejections, citing case law as the reason for the rejection. ECF No. 20 at 6, ¶ 24. Plaintiff does not dispute that the rejection notices cited case law as the reason for the rejections, but asserts that additional reasons for rejection were specified in varying ways, including that the book contained information about currently incarcerated individuals. ECF No. 36 at 4-5, ¶ 24. Plaintiff received rejection notices for the 7 books, and appealed the rejection of 5. ECF No. 20 at 6, ¶ 27. While Defendant contends 5 books were not rejected as there are no rejection notices, Plaintiff contends that the mailroom did in fact reject those 5

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 4

1  books but failed to prepare and send notices to Plaintiff and the incarcerated
2  individuals.  ECF Nos. 20 at 6, ¶ 28, 36 at 5, ¶ 28.

3  On June 30, 2022, Turner processed a mailed copy of *The Habeas Citebook*,
4  and rejected the book as a publication rejection.  ECF No. 20 at 6, ¶ 29.  While
5  Defendants assert Turner rejected the publication because he understood that case
6  law could contain information related to other incarcerated individuals such as the
7  individual's crime, security threat, or group affiliation, Plaintiff disputes Turner
8  knew the reason for the ban and was merely speculating.  ECF Nos. 20 at 6-7, ¶ 30,
9  36 at 5, ¶ 30.  Turner "automatically" sent the publication to the Committee for
10 review.  ECF No. 20 at 7, ¶¶ 31-32.  Plaintiff disputes Turner "automatically" sent
11 the publication to the Committee as he waited two months to send the book after
12 which Plaintiff had already made two appeals.  ECF No. 36 at 6, ¶¶ 31-32.

13 On July 13, 2020, the Publication Review Committee overturned the
14 rejection, finding *The Habeas Citebook* did not violate policy because it did not
15 contain information regarding incarcerated individuals at Coyote Ridge.  ECF Nos.
16 20 at 8, ¶ 36, 26 at 11, ¶ 41.

17 On or about July 14, 2020, Turner placed all copies of *The Habeas Citebook*
18 in the mailbag for delivery to the intended recipients.  ECF No. 20 at 8, ¶ 37.  Most
19 copies were not "promptly" delivered because delivery ranged from 14 days to
20

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ~ 5

some potentially ongoing, with some individuals never receiving a copy due to being released from CRCC.  *See* ECF No. 26 at 12-16, ¶¶ 47-61.

On November 5, 2020, the DOC modified the policy, removing the ban on all case law.  ECF Nos. 36 at 9, ¶ 54, 26 at 7, ¶ 23.  The current DOC Policy 590.500 does not allow incarcerated individuals to receive information in the mail related to another Washington State incarcerated individual without prior approval from the Superintendent.  ECF No. 20 at 10-11, ¶ 54.

**II.     Department Policy**

The procedure for handling incoming mail for incarcerated individuals is outlined in DOC Policy 450.100.  ECF No. 20 at 2, ¶ 1.  If mailroom staff members find that an incoming publication violates "any Department policy or facility specific procedure," it is rejected.  ECF No. 20 at 2, ¶ 2.  The policy dictates that the mailroom staff member will "scan the questionable page(s) from the publication," complete a DOC 05-525 Rejection Notice outlining the reasons for rejection, and submit it for second-level review with the Publication Review Committee ("Committee").  ECF No. 20 at 2, ¶ 3.  Plaintiff disputes this process is always followed.  ECF No. 36 at 2, ¶ 3.

All rejections are automatically forwarded to the Committee for second-level review, but Plaintiff disputes this policy is followed.  ECF Nos. 20 at 2, ¶ 4; 36 at 2, ¶ 4.  The staff member also sends a copy of the Rejection Notice to both the

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 6

incarcerated individual and/or publisher, but Plaintiff disputes this policy is followed.  ECF Nos. 20 at 2, ¶ 5; 36 at 2, ¶ 5.  If the mailroom received additional, identical copies of the same publication, each copy will receive a new rejection notice forwarded to the incarcerated individual and vendor/publisher, but Plaintiff disputes this policy is followed.  ECF Nos. 20 at 3, ¶ 6; 36 at 2-3, ¶ 6.  Finally, the mailroom will notify all other mailrooms and the Washington State Library that the publication is awaiting review by the Committee.  ECF No. 20 at 3, ¶ 7.

The Committee reviews books and magazines intended for the general population.  ECF No. 20 at 3, ¶ 8.  The Committee is comprised of three members who are required to meet at least monthly to evaluate whether the rejected item and/or copies along with the rejection notice complies with DOC policy.  ECF No. 20 at 3, ¶¶ 9-11.  Once the Committee reaches a decision, the Chairperson completes the rejection notice and sends it back to the facility mailroom.  ECF No. 20 at 3, ¶ 12.  Copies of the rejection notice with the Committee's decision are provided to the incarcerated individual and vendor/publisher within 10 business days, but Plaintiff disputes this process is followed.  *Id.*

If the Committee overturns the rejection, mailroom staff members attach the rejection notice to the publication and deliver both to the incarcerated individual.  ECF No. 20 at 3, ¶ 13.  If the Committee upholds the rejection, the incarcerated individual and/or vendor/publisher may appeal the decision to the Headquarters

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 7

1  Correctional Manager, whose decision is final.  ECF No. 20 at 3, ¶ 14.  The final

2  decision, whether made by the Committee or Manager, is binding for at least three

3  years.  *Id.*

## DISCUSSION

**A.  Motion for Summary Judgment Standard**

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In ruling on a motion for summary judgment, the court must only consider admissible evidence.  *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002).  The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Id*. at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law.  *Id.* at 248.  Further, a dispute is "genuine" only where the evidence is such that a reasonable jury could find in

favor of the non-moving party. *Id.* The Court views the facts, and all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Summary judgment will thus be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

### B. Cross Motions for Summary Judgment

Defendants moves for summary judgment on (1) Defendants' individual liability (2) Plaintiff's constitutional claims, and (3) Plaintiff's damages. ECF No. 19 at 3-21. Plaintiff moves for summary judgment on (1) the First Amendment claim under the old and new policies related to rejecting case law materials and (2) the Fourteenth Amendment claim for failure to provide notice on the Committee's decision. ECF No. 30-1 at 12-21. Plaintiff also moves for a permanent injunction to (1) prohibit Defendants from rejecting case law under the DOC's new policy and (2) require Defendants to provide timely notice to Plaintiff and other publishers of the Committee's decisions to deliver or censor publications. *Id.*

#### 1. Individual Liability

"In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no *respondeat superior* liability under section 1983." *Jones v.*

1  *Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (citing *Monell v. Dep't of Soc. Servs.*,
2  436 U.S. 658 (1978).  A supervisor may be liable if they create, promulgate,
3  implement, or otherwise possess responsibility for the operation of the policy that
4  "'subjects, or causes [a plaintiff] to be subjected' to the deprivation of any rights
5  secured by the Constitution."  *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1076
6  (9th Cir. 2012) (internal citation omitted).
7        a.  <u>Superintendent Uttecht</u>
8        It is undisputed that Uttecht did not create the DOC policy at issue.  ECF
9  No. 20 at 9, ¶ 42.  Defendants assert Uttecht did not review mail rejections for *The*
10  *Habeas Citebook*, did not provide direct supervision to Turner who rejected *The*
11  *Habeas Citebook*, and did not review any mail rejections or related appeals for *The*
12  *Habeas Citebook*.  ECF No. 20 at 10, ¶¶ 49-53.  Plaintiff disputes this on the
13  grounds he does not recall being aware of a concern over the book and "may have"
14  been tasked with making decisions about incoming mail.  ECF No. 36 at 8, ¶¶ 49-
15  53.  Plaintiff asserts Uttecht personally participated because he had the "power" to
16  allow case law and was on notice of the conduct because his confidential secretary
17  and one other person signed responses to grievances on his behalf.  ECF Nos. 35 at
18  2-3; 27-36.  Even if the signatures made on Uttecht's behalf constituted notice,
19  "the denial of administrative grievances or the failure to act" is insufficient for a
20  supervisor to be liable under § 1983.  *Grenning v. Klemme*, 34 F. Supp. 3d 1144,

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ~ 10

1    1157 (E.D. Wash. 2014).  On this record, the Court finds Uttecht did not

2    "personally participate" in the alleged constitutional violations under these

3    circumstances.  *Jones*, 297 F.3d at 934.  In any event, as discussed *infra*, the Court

4    finds that no constitutional violations occurred.

5          b. Mailroom Sergeant Turner

6          It is undisputed Defendant Turner issued some, but not all, of the rejections

7    at issue in this case.  ECF No. 20 at 6, ¶ 29.  Turner, as Mailroom Sergeant,

8    personally participated in the mail rejection process.  However, as discussed *infra*,

9    his conduct did not violate Plaintiff's constitutional rights.

10          *2. First Amendment*

11         The First Amendment protects the ability of publishers to communicate with

12   incarcerated individuals.  *Prison Legal News v. Cook*, 238 F.3d 1145, 1149 (9th

13   Cir. 2011).  The temporary delay in the delivery of a publication that is a result of

14   the prison's security inspection is not a First Amendment violation.  *Crofton v.*

15   *Roe*, 170 F.3d 957, 961 (9th Cir. 1999).

16         While *The Habeas Citebook* was initially rejected in the mailroom by

17   Defendant Turner, it is undisputed the rejection was overturned by the Publication

18   Review Committee.  ECF Nos. 20 at 8, ¶ 36, 26 at 11, ¶ 41.  Following the

19   reversal, Turner placed the copies of *The Habeas Citebook* in the mailbag for

20   delivery.  ECF No. 20 at 8, ¶ 37.  Plaintiff disputes that Turner placed "all copies"

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ~ 11

in the bag because of the delay in delivery and because he had "no idea" the exact number of copies he placed in the mailbag. ECF No. 36 at 6, ¶ 36. However, there is no evidence that Turner personally delayed the deliveries thereafter nor any evidence that he was personally responsible for ensuring the actual delivery. With no genuine issues of material fact in dispute, summary judgment on Plaintiff's First Amendment claims is appropriate.

Additionally, Plaintiff challenges the DOC policy banning case law that is no longer operative. ECF No. 30-1 at 13.[1] A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014). Voluntary cessation of the conduct does not moot a claim "unless the party alleging mootness can show that the 'allegedly wrongful behavior could not reasonably be expected to recur.'" *Rosemere Neighborhood Ass'n v. U.S. Environmental Protection Agency*, 581 F.3d 1169, 1173 (9th Cir. 2009) (internal citation omitted). Voluntary

---

[1] Plaintiff also challenges the DOC policy that became operative in November 2020. The Court declines to review this argument as it is based on hypothetical challenges, *see e.g.* ECF No. 26 at 24, ¶¶ 92-103, outside the factual allegations raised in the complaint, ECF No. 1. *Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008).

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 12

1  cessation by "government officials has been treated with more solicitude by the
2  courts than similar action by private parties" based on the presumption the
3  government is acting in good faith. *Am. Cargo Transport, Inc. v. United States*,
4  625 F.3d 1176, 1180 (9th Cir. 2010). To the extent Plaintiff asserts a facial
5  challenge to the DOC policy banning case law generally at the time *The Habeas*
6  *Citebook* was rejected, ECF No. 35 at 3, the Court finds such challenge moot based
7  on voluntary cessation before this complaint was filed.

8    3.  *Fourteenth Amendment*

9    The Due Process Clause of the Fourteenth Amendment requires a
10 correctional facility that refuses to deliver mail to (1) provide both the sender and
11 individual notice and (2) an opportunity for an appeal to a decision maker other
12 than the one who made the initial decision to exclude the mail from delivery.
13 *Procunier v. Martinez*, 416 U.S. 396, 418-19 (1974), *overruled on other grounds*
14 *by Thornburgh v. Abbot*, 490 U.S. 401 (1989); *Prison Legal News v. Cook*, 238
15 F.3d 1145, 1152 (9th Cir. 2011).

16    While Plaintiff asserts instances that CRCC did not follow some internal
17 DOC processes, the record demonstrates that Plaintiff received the constitutional
18 process due. ECF No. 25 at 17. It is undisputed that Plaintiff received notice that
19 *The Habeas Citebook* was rejected, was given an opportunity to appeal (which it
20 did), and the Committee provided a second-level review separate from Turner's

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ~ 13

rejection – which resulted in the rejection being overturned. *Cook*, 238 F.3d at 1152. Moreover, Plaintiff relies on mere speculation in asserting Defendants made a "decision to delay" the delivery of the publication in arguing that Turner was required to provide notice of the "decision to delay." Viewing the facts in light most favorable to Plaintiff, there is no evidence that either Defendant committed a Fourteenth Amendment violation. With no genuine issues of material fact in dispute, summary judgment on Plaintiff's Fourteenth Amendment claims is appropriate.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion for Summary Judgment (ECF No. 19) is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment and Permanent Injunction (ECF No. 30) is **DENIED**.

3. Defendants' Motion to Stay or Extend Pretrial Deadlines (ECF No. 39) and all other pending motions are **DENIED as moot**.

The District Court Executive is directed to enter this Order and Judgment accordingly, furnish copies to counsel, and **CLOSE** the file.

DATED June 28, 2022.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 14