UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER,<br><br>                Plaintiff,<br><br>   v.<br><br>JEFFREY A. UTTECHT, Superintendent of Coyote Ridge Corrections Center of the Washington Department of Corrections, in his individual and official capacities; and JOHN D. TURNER, Mailroom Sergeant of Coyote Ridge Corrections Center, in his individual and official capacities,<br><br>                Defendants. | NO. 4:21-CV-5047-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER |

BEFORE THE COURT is Plaintiff's Motion to Reconsider or Amend the Order of June 28, 2022 (ECF No. 74). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is

ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER ~ 1

1  fully informed. For the reasons discussed below, Plaintiff's Motion to Reconsider

2  or Amend the Order of June 28, 2022 (ECF No. 74) is denied.

3      This case arises from the Human Rights Defense Center's attempt to mail

4  *The Habeas Citebook* to incarcerated individuals at the Coyote Ridge Corrections

5  Center in Washington. ECF No. 1. On June 28, 2022, the Court granted

6  Defendants' motion for summary judgment on all claims, and entered judgment

7  accordingly. ECF No. 72. On July 25, 2022, Plaintiff filed the present motion to

8  reconsider the Court's order on summary judgment. ECF No. 72. The parties

9  timely filed their respective response and reply. ECF Nos. 75, 76.

10      A court may alter or amend a judgment if the motion seeking such relief is

11  filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e).

12  Motions for reconsideration are generally disfavored. "Reconsideration is

13  appropriate if the district court (1) is presented with newly discovered evidence, (2)

14  committed clear error or the initial decision was manifestly unjust, or (3) if there is

15  an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or.*

16  *v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "There may also be other,

17  highly unusual, circumstances warranting reconsideration." *Id.* at 1263. In ruling

18  on a Rule 59(e) motion, the court has "considerable discretion." *Turner v.*

19  *Burlington N. Santa Fe. R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

20

1    Plaintiff moves for reconsideration on "whether the Court should have
2  considered and decided the constitutionality of the current policy governing
3  prisoner access to case law at Coyote Ridge Correctional Center." ECF No. 74 at
4  2. Outside of the allegations involving *The Habeas Citebook* (which the Court
5  ruled upon and was the focus of Plaintiff's case), Plaintiff relies on hypotheticals
6  involving publications that were not alleged in the complaint and/or not shown on
7  summary judgment to be sent to the prison facility at all. As result, the Court did
8  not reach the constitutionality of the current facility policy as applied to
9  publications that were never sent, and never rejected. The Court finds it did not
10 commit clear error nor make a manifestly unjust decision. Absent any other highly
11 unusual circumstances, the motion to reconsider is denied.

12 **ACCORDINGLY, IT IS HEREBY ORDERED:**

13    Plaintiff's Motion to Reconsider or Amend the Order of June 28, 2022
14    (ECF No. 74) is **DENIED**.

15    The District Court Executive is directed to enter this Order and furnish
16 copies to counsel. The file remains **CLOSED**.

17    DATED August 25, 2022.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER ~ 3